Chester H. DUMKE, Plaintiff—
Appellant,

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES,**
Defendant—Appellee.

No. 06–17038.

United States Court of Appeals,
Ninth Circuit.

Submitted May 22, 2008.*

Filed Sept. 23, 2008.

Chester H. Dumke, Glendale, AZ, pro se.

Peter Michael Lantka, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Chester H. Dumke appeals pro se from the district court's summary judgment in his action alleging that he was improperly denied Medicare reimbursement for audiological services relating to his cochlear implant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Andrews v. Shalala,* 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). We will reverse

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the decision of the Secretary for the Department of Health and Human Services only where it is not supported by substantial evidence or based on legal error. *Id.* at 1039. We affirm.

The district court properly granted summary judgment as to 42 U.S.C. § 1395x(s)(2) because substantial evidence supports the finding that the audiological services were not provided "incident to" a physician's services. *See* 42 U.S.C. § 1395x(s)(2); *see also* Medicare Carrier's Manual § 2050.1 (interpreting section 1395x(s)(2) to require that services be "rendered under the physician's direct supervision by employees of the physician"); *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (stating that administrative interpretations are entitled to considerable deference unless plainly inconsistent with the clear meaning of the statute).

The district court properly granted summary judgment as to section 1395x(s)(3) because substantial evidence supports the finding that the audiological services were therapeutic rather than diagnostic. *See* 42 U.S.C. § 1395x(s)(3); *see also* Medicare Carrier's Manual § 2070.3 (stating that there is no coverage of therapeutic services).

Dumke's remaining contentions are unpersuasive.

**AFFIRMED.**